The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for an opinion regarding Act 984 of 2001, which amended A.C.A. § 14-20-108 with regard to dues for volunteer fire departments. As you note, the act establishes a procedure for levying the dues on residences following an election; but it then provides for the collection of such dues at the same time and in the same manner as personal property taxes. You have provided correspondence identifying various problems that are anticipated in implementing this collection procedure. You have asked for an opinion as to "the legality of this Act."
RESPONSE
It is my opinion that the problems associated with implementing this legislation do not render the act unlawful. A constitutional issue could arise, in my opinion, regarding the act's applicability to volunteer fire departments that are organized as private, nonprofit corporations.[1]
In my opinion, however, the act is lawful on its face.
As noted in your request and in the attached correspondence, the practical problems that arise in utilizing this legislation stems primarily from the fact that while the dues are levied "on each residence[,]" they are listed on personal property tax statements and collected with such taxes. As amended, § 14-20-108 provides in relevant part as follows:
 (a)(1)(B)(i)(a) When any county quorum court receives a request for the levy of volunteer fire department dues, if the request has been signed by the fire chief and all other officers of a volunteer fire department and duly filed with the county clerk, the quorum court by ordnance shall call for an election on the issue of the levy of the volunteer fire department dues on each residence.
* * *
 (c) If the levy is approved by a majority of those voting on the issue, the dues shall be listed annually on personal property tax statements and collected at the same time and in the same manner as personal property taxes.
A.C.A. § 14-20-108(a)(1)(B) (Supp. 2001).
It is my opinion as a general matter that it is within the power of the General Assembly to establish this alternative means of collecting volunteer fire department dues.[2] Cf. A.C.A. § 14-14-711(d) (Repl. 1998) (authorizing a subordinate service district to enter service charges on real and personal property tax notices and providing for collection of the charges with the taxes); A.C.A. §§ 8-6-211 and -212 (Supp. 2001) (authorizing cities and counties to enter solid waste fees and charges on the tax records, to be collected with personal property taxes). See also generally Arkansas County v. Burris, 308 Ark. 490,825 S.W.2d 590 (1992) (enjoining the use of personal property tax statements as a means to collect county waste fees, where there was no express statutory authority at the time to provide by ordinance for such a collection method).
The problems and the policy considerations that have been identified with respect to implementing the authority granted under § 14-20-108(a)(1)(B) do not, in my opinion, render the legislation unlawful. These practical concerns regarding the act's enforceability are not properly with the scope of an opinion from this office, which is necessarily limited to issues of state law.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As noted in previous Attorney General Opinions, what is referred to as a "volunteer fire department" under Arkansas law may take any one of a number of legal forms. See, e.g., Op. Att'y Gen. 96-114 at n. 2. In the case of a private, nonprofit subscription volunteer fire department, the question would be whether the listing and collection of dues with personal property taxes violates Ark. Const. art. 12, § 5, which states in relevant part that "[n]o county . . . shall . . . obtain or appropriatemoney for . . . any corporation, association, institution or individual." (Emphasis added). Although the Arkansas Supreme Court has never squarely addressed the question, this office has previously opined that this constitutional provision prohibits a county from collecting voluntary taxes for private, nonprofit corporations. See Op. Att'y Gen. 96-069. Similarly, it appears that the county would be obtaining money for the private, subscription fire department if the procedures under Act 984 of 2001 were utilized and the dues were listed on personal property tax statements and collected by the county. The plain language of Art. 12, § 5 would appear to proscribe this action.
[2] But see discussion at n. 1, supra, regarding application to private, nonprofit volunteer fire departments. This procedure under subsection (a) (1) (b) of § 14-20-118, involving the listing of dues on personal property tax statements, is an alternative to subsection (a) (1) (A), which authorizes the quorum court, by ordinance, to designate a county official to collect and remit the dues.